```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

|                          |   |                    |
|--------------------------|---|--------------------|
| LOBARI BLACKWELL,        ) |   |                    |
|                          ) |   |                    |
|         Plaintiff,       ) |   |                    |
|                          ) |   | CIVIL ACTION       |
|         v.               ) |   | NO. 25-11084-WGY   |
|                          ) |   |                    |
| STATE POLICE A5, et al., ) |   |                    |
|                          ) |   |                    |
|         Defendants.      ) |   |                    |

## MEMORANDUM AND ORDER

### September 15, 2025

YOUNG, D.J.

Pro se plaintiff Lobari Blackwell brings this action in which he alleges that he was wrongfully detained by an officer of the Massachusetts State Police during a traffic stop. For the reasons stated below, the Court DISMISSES this action for failure to state a claim upon which relief may be granted.

### I.  Original Complaint

In his original complaint, Blackwell's "Statement of Facts" consisted of the following:

> 1. Officer 9345 detained plaintiff for driving with low beams claiming that the lights were not operating. Liberty is impeded for examination of what will later manifest to a financial complication.
>
> 2. Considerably, two years or more prior to 8:40pm of the sixteenth of April officers have often detained plaintiff resulting to warnings, to examine plaintiff identification. Liberties are impeded.

(ECF No. 1 at 2) (spelling and punctuation standardized).

In the section of the complaint labelled "Claims," Blackwell asserted:

> 1. Plaintiff's Fifth Amendment right is being breached when compelled to bare witness unto oneself by locals and state officers during apprehension for moving vehicular infractions.
>
> 2. Locals and state police are to preserve the Constitution by enforcing the laws of the land in accordance with Article 1 § 2 of the United States Constitution. It's not in officer's duty to violate the 4th, 5th, Thirteenth and Fourteenth amendment to enforce regulations for businesses, such as the D [sic] or RMV.

Id.

In a July 29, 2025 order, the Court granted Blackwell's motion for leave to proceed in forma pauperis and directed him to file an amended complaint if he wished to pursue this action. (ECF No. 8). The Court found that Blackwell's complaint failed to state a claim upon which relief could be granted because, inter alia, the pleading did not forth a sufficient factual basis to support his legal conclusion that his constitutional rights were violated. The Court explained that a warrantless traffic stop does not violate the Fourth Amendment if "the police have probable cause to believe that a traffic violation has occurred,'" United States v. Reyes, 24 F.4th 1, 17 (1st Cir. 2022) (quoting Whren v. United States, 517 U.S. 806, 809-810 (1996)). The Court also explained that "a police investigation

2

of that violation is justified," id., which may include "checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance," Rodriguez v. United States, 575 U.S. 348, 355 (2015) (citation omitted).

## II. Amended Complaints

On August 5 and September 9, 2025, Blackwell filed amended complaints. (ECF Nos. 10, 11). Whether considered separately or together, the pleadings fail to state a claim upon which relief may be granted. Blackwell asserts that Massachusetts State Police Officer 9345 violated his rights because the officer was without to enforce state statutory traffic laws or require Blackwell to identify himself. These legal assertions are without any merit.

## III. Conclusion

For the foregoing reasons, this action is DISMISSED for failure to state a claim upon which relief may be granted.

SO ORDERED.

*William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE